IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

SHAUNA STEVENSON,

                Plaintiff,         Case No. 3:08 CV 166

-vs-

                                MEMORANDUM OPINION
OWENS STATE COMMUNITY          AND ORDER
COLLEGE, et al.,

                Defendant.

KATZ, J.

      This matter is before the Court on Plaintiff Shauna Stevenson's motion for reconsideration (Doc. 21) of the Court's June 25, 2008 memorandum opinion and order, dismissing the case in its entirety based on immunity and qualified immunity (Doc. 19, 20).

      Although a motion for reconsideration is not mentioned in the Federal Rules of Civil Procedure, it is often treated as a motion made under Rule 59(e). *McDowell v. Dynamics Corp. of America*, 931 F.2d 380 (6th Cir. 1991); *Shivers v. Grubbs*, 747 F. Supp. 434 (S.D. Ohio 1990). The purpose of a motion to alter or amend judgment under Fed. R. Civ. P. 59(e) is to have the court reconsider matters "properly encompassed in a decision on the merits." *Osterneck v. Ernst and Whinney*, 489 U.S. 169, 174 (1988). This rule gives the district court the "power to rectify its own mistakes in the period immediately following the entry of judgment." *White v. New Hampshire Dept. of Employment Security*, 455 U.S. 445, 450 (1982). Generally, there are three major situations which justify a district court altering or amending its judgment: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or to prevent a manifest injustice." *In re*

*Continental Holdings, Inc.*, 170 B.R. 919, 933 (Bankr. N.D. Ohio 1994); *Braun v. Champion Credit Union*, 141 B.R. 144, 146 (Bankr. N.D. Ohio 1992), *aff'd*, 152 B.R. 466 (N.D. Ohio 1993); *In re Oak Brook Apartments of Henrico County, Ltd.*, 126 B.R. 535, 536 (Bankr. S.D. Ohio 1991). It is not designed to give an unhappy litigant an opportunity to relitigate matters already decided; nor is it a substitute for appeal. *Dana Corp. v. United States*, 764 F. Supp. 482, 488-89 (N.D. Ohio 1991); *Erickson Tool Co. v. Balas Collet Co.*, 277 F. Supp. 226 (N.D. Ohio 1967), *aff'd*, 404 F.2d 35 (6th Cir. 1968).

Plaintiff claims that the Court, in its June 25, 2008 opinion, exceeded the limits of immunity analysis. As the Court noted in that opinion, and in a previous order, the sole issue before it was whether the defendants were immune from suit. Plaintiff claims that the Court went beyond the scope of immunity analysis and decided issues that should have been subject to discovery and briefing on the merits, thereby prejudicing Plaintiff's case.

Plaintiff's brief appears to be premised on several misunderstandings of the Court's opinion. First, Plaintiff complains that the Court addressed whether money judgments against Defendant Owens Community College would be satisfied from state coffers, when Plaintiff was only seeking injunctive relief against Owens. The Court addressed the money issue as part of its analysis of whether Owens was entitled to immunity as an arm of the state pursuant to the analysis clearly explained in the Court's opinion and set forth in *Hall v. Med. Coll. of Ohio*, 742 F.2d 299, 307 (6th Cir. 1984). It was not a matter of construing the demand as monetary, but rather applying that factor as part of the *Hall* test.

Second, Plaintiff complains that "this [C]ourt has determined **as a matter of fact** that [P]laintiff's dismissal was for academic reasons" and that the Court made such a determination on

2

the merits without allowing discovery. Doc. 21 at 6 (emphasis in original). As the analysis in the opinion demonstrated, it is not a matter of factual determination as to what the officials thought that is important in an immunity analysis; rather, it is that the individual defendants *could have reasonably* thought that Plaintiff's conduct was a violation that was academic in nature. Plaintiff was unable to demonstrate that the "defendant's alleged conduct violated clearly established statutory or constitutional rights of which a reasonable person would have known," a "key inquiry in analyzing a claim of qualified immunity." *Adams v. Metiva*, 31 F.3d 375, 386 (6th Cir. 1994). The Sixth Circuit has held that a defendant's "subjective views" on disputed conduct "are essentially irrelevant," and that "the applicable standard is . . . objective reasonableness." *Cope v. Heltsley*, 128 F.3d 452, 458 (6th Cir. 1997)**.** The relevant inquiry is what a reasonable official would think. Discovery would not affect such a legal determination.

Plaintiff makes the same complaint about the Court's statement that it was reasonable to assume that a disregard for patient confidentiality correlates to success in a medical field of study. The Court did not, and did not need, to determine that a correlation indeed exists. Rather, the Court determined that such a conclusion by the defendant officials would have been reasonable and thereby supports their claim of qualified immunity. "It is reasonable to assume that disregard for patient confidentiality has a correlation to the degree of success a student in a medical discipline such as Plaintiff's might require." Doc. 19 at 10 (citing *Firester v. Bd. of Governors of Wayne State Univ.*, 1990 U.S. App. Lexis 12167, at *6 (6th Cir. 1990) (determining medical student's dismissal based on habitual improper behavior with patients deemed an appropriate measure to prospecting likelihood of being a good doctor)). The same reasoning as above applies. Although some of these issues (and some of the Court's language, taken out of context) could

appear to be making factual determinations, the reasoning of the Court is clear that these determinations were made using an objective reasonableness standard as a part of the established test for determining whether a defendant is subject to qualified immunity.

Finally, Plaintiff complains that she was not allowed to proceed with discovery regarding the issue of due process for an academic violation. Plaintiff briefed the issue of due process for conduct-based discipline, citing *Flaim v. Medical College of Ohio*, 418 F.3d 629 (6th Cir. 2005). The Court, however, determined that, because it would have been reasonable for the individual defendants to construe Plaintiff's conduct as academic in nature, and Defendants are entitled to qualified immunity unless they violated federal law, it was due process for an *academic* expulsion that was relevant. Due process for academic discipline is different from due process for a conduct-based violation. "[T]he significant difference between the failure of a student to meet academic standards and the violation by a student of valid rules of conduct . . . calls for far less stringent procedural requirements in the case of an academic dismissal." *Board of Curators v. Horowitz*, 435 U.S. 78, 86 (1978). Due process for academic conduct does not require a formal hearing when the process was careful and deliberate. *Id*. Also as explained, the Court's reasoning was based on the facts as viewed in the light most favorable to Plaintiff. Plaintiff acknowledges that she discussed the matter with her instructor, met with the chair of the department, discussed the matter with the Vice President for Student Services, made a written submission to the Vice President of Academic Services, and received a written decision from the Vice President of Academic Services sustaining her dismissal. Plaintiff complains that she was not afforded a hearing and that the defendants did not respond to two letters from her after the appeal had been denied. Neither of those steps are required by due process for academic discipline.

Plaintiff seeks to pursue discovery on this issue, complaining that she understood that due process would not be decided at this juncture based on this Court's order that immunity would be the sole issue. However, Plaintiff did brief due process, albeit not the applicable due process, and, as discussed above, qualified immunity analysis necessarily requires a consideration of whether federal law was violated. In this case, the only federal law involved was due process. That due process was for an academic, not conduct-based, discipline, because the defendants could have reasonably thought that Plaintiff's dismissal was academic in nature because respect for patient confidentiality can be reasonably considered as academic in a medical field of study such as sonography.

For the reasons stated herein, and in the Court's memorandum opinion of June 25, 2008, Plaintiff's motion for reconsideration is denied. (Doc. 21.)

IT IS SO ORDERED.

    s/ *David A. Katz*
DAVID A. KATZ
U. S. DISTRICT JUDGE